IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NAV CONSULTING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22 C 3624 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| ABHISHEK KUMAWAT, SUDRANIA | ) | |
| FUND SERVICES, CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on the parties' motions to compel. For the reasons set forth below, the Court grants in part and denies in part both motions [ECF 176, 179].

**Discussion**

**Plaintiff's Motion**

Plaintiff first asks the Court to compel defendants to respond to its discovery requests concerning Kumawat's work at Formidium. Plaintiff asked Kumawat to produce:

> 2. Any and all Documents and/or Communications related to Your work on, involvement in, and/or exposure to the Universe project, as identified in the April 7, 2023 Report, including all Documents and/or Communications relating to the Universe project sent by or to, shown or given to, and/or authored by You.
>
> 3. Any and all Documents and/or Communications related to Your work on, involvement in, and/or exposure to the Marketplace project, as identified in the April 7, 2023 Report, including all Documents and/or Communications relating to the Marketplace project sent by or to, shown or given to, and/or authored by You.
>
> 4. Any and all Documents and/or Communications related to Your work on, involvement in, and/or exposure to the Vendor and Contract Management Software project, as identified in the April 7, 2023 Report, including all Documents and/or Communications relating to the Vendor and Contract Management Software project sent by or to, shown or given to, and/or authored by You.

(ECF 181, Ex. E, Kumawat Resp. 2d Set RFP ¶¶ 2-4.) Plaintiff asked Formidium to produce:

> 7. Any and all Documents and/or Communications sent by or to, shown or given to, and/or authored by Defendant Kumawat relating to the Universe project, as identified in the April 7, 2023 Report.
>
> 8. Any and all Documents and/or Communications sent by or to, shown or given to, and/or authored by Defendant Kumawat relating to the Marketplace project, as identified in the April 7, 2023 Report.
>
> 9. Any and all Documents and/or Communications sent by or to, shown or given to, and/or authored by Defendant Kumawat relating to the Vendor and Contract Management Software project, as identified in the April 7, 2023 Report.

(*Id.*, Ex. F, Formidium Resp. 2d Set RFP ¶¶ 7-9.) Defendants objected to these requests as being overly broad, disproportional to the needs of the case and seeking irrelevant information. (*See id.*; ECF 181, Ex. E, Kumawat Resp. 2d Set RFP ¶¶ 2-4.) In addition, plaintiff asked Kumawat to:

> 6. Describe, in detail, the scope of the Universe project, as identified in the April 7, 2023 Report, including the purpose, goal, and/or end-result of the project, all the Formidium employees (identified by name and position) who work on the project, and the usability by and/or applicability to clients of Universe.
>
> 7. Describe, in detail, Your work on the Universe project, as identified in the April 7, 2023 Report, including all tasks in which You have engaged to contribute to or otherwise work on the Universe project and with whom (identified by name and position) You have engaged, either internally at Formidium or externally, to contribute to or otherwise work on the Universe project.
>
> 8. Describe, in detail, the scope of the Marketplace project, as identified in the April 7, 2023 Report, including the purpose, goal, and/or end-result of the project, all the Formidium employees (identified by name and position) who work on the project, and the usability by and/or applicability to clients of Marketplace.
>
> 9. Describe, in detail, Your work on the Marketplace project, as identified in the April 7, 2023 Report, including all tasks in which You have engaged to contribute to or otherwise work on the Marketplace project and with whom (identified by name and position) You have engaged, either internally at Formidium or externally, to contribute to or otherwise work on the Marketplace project.
>
> 10. Describe, in detail, the scope of the Vendor and Contract Management Software project, as identified in the April 7, 2023 Report, including the purpose, goal, and/or end-result of the project, all the Formidium employees (identified by name and position) whom [sic] work on the project, and the usability by and/or applicability to clients of Vendor and Contract Management Software.

> 11. Describe, in detail, Your work on the Vendor and Contract Management Software project as identified in the April 7, 2023 Report, including all tasks in which You have engaged to contribute to or otherwise work on the Vendor and Contract Management Software project and with whom (identified by name and position) You have engaged, either internally at Formidium or externally, to contribute to or otherwise work on the Vendor and Contract Management Software project.

(ECF 181, Ex. H, Kumawat Answers 2d Set Interrog. ¶¶ 6-11.) In response, Kumawat provided general information about his work on these projects, but he objected to the parts of the interrogatories that seek details about the scope of the projects and their staffing as being overly broad, unduly burdensome, and seeking irrelevant information. (*See id.*)

Defendants say they should not be compelled to produce information responsive to these requests because: (1) they "have already provided adequate information responsive to NAV's requests;" (2) Kumawat stopped working on the Marketplace and Vendor Contract Management Software in April 2023; and (3) plaintiff's request for information about Formidium employees unrelated to this suit is harassment. (ECF 192 at 3.) Defendants do not, however, identify the information they have already produced, so the Court cannot evaluate their claim that the production was "adequate." Moreover, the fact that Kumawat stopped working on two of the four projects in April does not render information about the projects irrelevant. Plaintiff is still entitled to explore whether Kumawat used plaintiff's trade secrets or proprietary information when he worked on the project or shared that information with other Formidium employees who worked on the projects. For the same reason, plaintiff's request for information about other Formidium employees who work or worked on these projects is relevant. Thus, plaintiff's motion as to these requests is granted.

Plaintiff also seeks defendants' compliance with the following requests:

1. All Documents and/or Communications related to meetings held by or involving Formidium over Microsoft Team, Zoom, WebEx, or any other third-party video and/or conference all [sic] software related to Formidium, its business, its actual, planned, or potential services, products, and/or offerings, and/or work performed at or by Formidium where [Kumawat was] a part of or [he was] invited to such meetings.

2. All call and meeting records, including mobile phone call records, from meetings held by or involving Formidium over Microsoft Teams, Zoom, WebEx, or any other third party video and/or conference call software related to Formidium, its business, its actual, planned, or potential services, products, and/or offerings, and/or work performed at or by Formidium of which [Kumawat] were a part or to which [Kumawat was] invited.

3. All Documents and Communications containing information from [Kumawat's] Microsoft Outlook Calendar, or any other digital calendaring program used by [Kumawat] in [his] position at Formidium, related to meetings held by or involving Formidium over Microsoft Teams, Zoom, WebEx, or any other third-party video and/or conference call software related to Formidium, its business, its actual, planned, or potential services, products, and/or offerings, and/or work performed at or by Formidium of which [Kumawat was] a part or to which [Kumawat was] invited, including but not limited to, meeting invites, calendar schedules, meeting cancellations, meeting acceptances, and meeting declines.

4. All electronic information from [Kumawat's] Microsoft Outlook Calendar, or any other digital calendaring program used by [Kumawat] in [his] position at Formidium, related to meetings held by or involving Formidium over Microsoft Teams, Zoom, WebEx, or any other third-party video and/or conference call software related to Formidium, its business, its actual, planned or potential services, products, and/or offerings, and/or work performed at or by Formidium of which [Kumawat was] a part or to which [Kumawat was] invited, including, but not limited to, meeting invites, calendar schedules, meeting cancellations, meeting acceptances, and meeting declines.

5. All recordings of meetings held by or involving Formidium over Microsoft Teams, Zoom, WebEx, or any other third-party video and/or conference call software related to Formidium, its business, its actual, planned, or potential services, products, and/or offerings, and/or work performed at or by Formidium of which [Kumawat was] a part of or to which [Kumawat was] invited.

(ECF 181, Ex. N, Kumawat Resp. 3d Set RFP ¶¶ 1-5; *see* ECF 181, Ex. O, Formidium Resp. 3d Set RFP ¶¶ 1-5 (requesting the same information from Formidium).) Defendants say these requests are "preposterously broad," seeking "information related to Formidium's business in general as

4

long as Defendant Kumawat was included anywhere in the email chain." (ECF 192 at 4.) Presumably, however, Kumawat would be included in a meeting or video chat only if it pertained to his work. Therefore, defendants' overbreadth, burden, and relevance objections are overruled.

Plaintiff also seeks production of emails from Kumawat's Formidium email addresses that include Ravo Kant Modi, Amit Arora, Ramakant Kabra, Navneet Lakhani, Suraj Shukla, Hariram Choudhary, Aditi Gupta, Rakesh Kumar, Nilesh Sudrania, all of whom are Formidium employees, as a recipient or sender. (ECF 181, Ex. N, Kumawat Resp. 3d Set RFP ¶¶ 6-14; *see* ECF 181, Ex. O, Formidium Resp. 3d Set RFP ¶¶ 7-15 (requesting the same information from Formidium).) Plaintiff says these emails are relevant to determining Kumawat's scope of work at Formidium because the identified individuals have positions at Formidium that "align with the work areas that would be violative of Kumawat's non-compete agreement with NAV and/or tempt misappropriation of NAV's trade secrets and/or . . . their work area is relevant to areas in which Kumawat is prohibited from working." (ECF 181 at 9.) This explanation illustrates how attenuated these requests are from claims in this suit. Therefore, the Court agrees with defendants that these requests are not narrowly tailored to discover Kumawat's scope of work. Plaintiff's motion with respect to these requests is denied.

Plaintiff also seeks defendants' compliance with discovery requests related to their participation in the ETH Conference in Denver in March 2023. The RFPs request:

> 7. Any and all Documents and/or Communications related to Your attendance at the ETH Denver conference in Denver, Colorado, which took place in February and/or March 2023.
>
> 8. All Communications with individuals and/or entities with whom you networked or otherwise discussed Formidium's services and/or offerings at the ETH Denver conference in Denver, Colorado, which took place in February and/or March 2023.

(ECF 181, Ex. E, Kumawat Resp. 2d Set RFP ¶¶ 7-8.) The interrogatories ask defendants to:

5

> 13. Identify, with particularity, all of Formidium's prospective and current clients, vendors, and operation partners with whom Formidium engaged, networked, or otherwise discussed Formidium and its services and offerings, through Formidium's personnel, at the ETH Denver conference in Denver, Colorado in February and/or March 2023.
>
> 14. Identify, with particularity, each individual or entity with whom You discussed Formidium's services and/or offerings, outside of Formidium employees, while attending the ETH Denver conference in Denver, Colorado in February and/or March 2023.

(ECF, 181, Ex. G, Formidium Answer 3d Set Interrog. No. 13; ECF 181, Ex. H, Kumawat Answer 2d Set Interrog. No. 14.) Plaintiff contends that information Kumawat "gained through his attendance at a technology-based conference that may very well align with his work on product development and/or any client-facing role is highly relevant to this matter." (ECF 181 at 11.) Defendants say that Kumawat did not attend the conference in a client-facing role, the kind of work the Court enjoined him from doing (*see* ECF 112, PI Order at 27), and thus information responsive to these interrogatories is irrelevant. The Court agrees with defendants that information about Kumawat's involvement in the conference is too attenuated from the issues in this case to be discoverable. Accordingly, plaintiff's motion as to these requests is denied.

Plaintiff also seeks documents related to Kumawat's involvement in and/or knowledge of, Formidium's procurement of former NAV clients Veda Global LP, Columbia Heights Partners LP, Ikigai Opportunities Master Fund, Ltd., and Chainview as clients and Kumawat's servicing of those entities as clients of Formidium. (ECF 181, Ex. E, Kumawat Resp. 2d Set RFP ¶¶ 9-12; ECF 181, Ex. F, Formidium Resp. 2d Set RFP ¶¶ 14-17.) Defendants say these requests are overly broad, disproportional to the needs of the case, and seek irrelevant information. (*See id.*) The Court disagrees. Whether Kumawat used plaintiff's confidential information to solicit plaintiff's clients for Formidium or to service those clients for Formidium is a key issue in this case. Thus, the defendants must produce documents responsive to these requests.

In addition, plaintiff wants Kumawat to identify his communications with Formidium personnel in India in which NAV, its clients or prospective clients, or its business were discussed. (ECF 181, Ex. H, Kumawat's Answer 2d Set Interrog. No. 19.) Kumawat objected to this interrogatory as being overly broad, unduly burdensome, seeking irrelevant information, and because he did not know "what persons or entities are encompassed by the phrase 'NAV, its clients or prospective clients.'" (*Id.*) Communications Kumawat had with Formidium personnel about NAV and its clients are highly relevant to plaintiff's claims. In the unlikely event that Kumawat does not know who any of NAV's clients or prospective clients are, he can so state. Otherwise, he must answer this interrogatory.

Plaintiff also seeks compliance with its requests to Formidium for documents showing its profit and revenue for each month beginning in June 2022 and its client list for each month beginning in June 2022. (ECF 181, Ex. F, Formidium Resp. 2d Set RFP ¶¶ 23-24.) Formidium objected to these requests as being overly broad, disproportional, and seeking irrelevant information. (*See id.*)[1] Information about Formidium's profit and revenues since June 2022 will not shed light on what portion, if any, of those profits and revenues was due to defendants' alleged use of plaintiff's confidential information. The situation is different for Formidium's client list, which may show that Formidium acquired NAV clients whose accounts Kumawat worked on or learned about while working for NAV. Thus, the client list must be produced.

Finally, plaintiff seeks production of documents related to Kumawat's login activity during his employment with Formidium. (ECF 181, Ex. N, Kumawat's Resp. 3d Set RFP ¶ 17; ECF 181, Ex. O, Formidium Resp. 3d Set RFP ¶ 18.) Plaintiff says this information "go[es] directly towards Kumawat's regular productivity, which bear on his job duties at Formidium." (ECF 181 at 14.)

---

[1] Defendants contend that the district court's dismissal of Formidium's defamation claim renders these requests moot. (ECF 192 at 7.) However, the relevance of Formidium's client list is not limited to damages.

The Court agrees with defendants that Kumawat's productivity at Formidium is related only tangentially, if at all, to the claims in this suit. Thus, the Court sustains defendants objection to these requests.

**Defendants' Motion**

Among other things, Kumawat's second set of interrogatories asks plaintiff to "[i]dentify each prospective client of NAV Consulting during the 12 month period immediately prior to Mr. Kumawat's resignation that were considering NAV Consulting but ultimately did not become a client of Nav Consulting," and for each such prospective client, to describe any action plaintiff took to discover why the prospective client did not sign up for its services. (ECF 176, Ex. B, Pl.'s Resp. Kumawat's 2d Set Interrog. ¶¶ 17, 18.) Plaintiff objected that these interrogatories are overly broad, unduly burdensome, and seek irrelevant information. The Court agrees. The identities of the potential customers who considered, but decided against, hiring plaintiff during Kumawat's last year of employment have no bearing on the claims in this suit. The fact that NAV successfully recruited some new customers and failed on other fronts has little (if any) relevance to the claims in this matter, or potential damages. Further, even if they did, the request for the names of *all* of plaintiff's prospective customers, not just those who worked with or were approached by Kumawat, is overly broad. Plaintiff need not respond to these interrogatories.

Defendants also seek plaintiff's compliance with their interrogatories and document requests seeking information about any interviews NAV conducted of any current or former Formidium employees since January 1, 2023. (*See* ECF 176, Ex. D, Pl.'s Answer Ds.' 3d Set Interrog. ¶¶ 1-3; ECF 176, Ex. D, Pl.'s Resp. Ds.' 3d RFP ¶¶ 1-3.) Defendants say they need this information to rebut plaintiff's allegation that Formidium employees disclosed that defendants were violating the PI Order. But the interrogatories do not ask plaintiff to identify the Formidium

employees who allegedly gave that information to plaintiff. Rather, they ask for the names of any current or former Formidium employee whom plaintiff has interviewed for any purpose for the last year. As phrased, these interrogatories are overly broad and seek irrelevant information. Accordingly, plaintiff does not have to answer them.

Defendants further seek plaintiff's compliance with their requests for production of documents: (1) "sufficient to Identify all Persons with access to the trade secrets and confidential information that NAV Consulting claims has been misappropriated by one or both Defendants;" and (2) "sufficient to Identify which employees at NAV Consulting have access to NAV Consulting's pricing models and business plans." (ECF 176, Ex. B, Pl.'s Resp. Ds.' 2d Set RFP ¶¶ 16, 26.) Plaintiff says these requests are overly broad and unduly burdensome because it has already "offer[ed] to provide Defendants the total number of employees with access to the certain trade secrets and confidential information." (ECF 194 at 10.) But defendants need the names of the employees who have access to plaintiff's trade secrets and confidential information to explore whether someone other than Kumawat is responsible for the misappropriation plaintiff alleges. Plaintiffs must respond to these requests.

Finally, both parties ask the Court to order their opponent to pay the fees and costs they incurred in pursuing the motions to compel. Given that both motions were granted only in part, the Court finds that there is no basis for an award of fees and costs to either party. *See* Fed. R. Civ. P. 37(a)(5).

## Conclusion

For the reasons set forth above, the Court grants in part and denies in part both parties' motions to compel [ECF 176, 179]. The parties have until January 5, 2024 to serve amended discovery answers and produce documents in accordance with this Memorandum Opinion and Order.

**SO ORDERED.**                  **ENTERED:**

**DATED: 12/12/23**

**M. David Weisman**
**United States Magistrate Judge**